## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| LILY ENGLEMAN, | |
| Plaintiff, | Case No.:   1:22-cv-00903-MLB |
| vs. | |
| WILLIAM CLAYTON NIX, JOHN RICHEY, TOMEKIA JORDAN, MIKE RILEY, and JONATHAN ADAMS, | |
| Defendants. | |

### ANSWER AND DEFENSES OF JOHN RICHEY

Defendant John Richey, by and through counsel, answers and responds to Plaintiff's Complaint (Doc. 1) as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has not been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

### THIRD DEFENSE

To the extent that Plaintiff brings claims against Defendant in his official capacity, those claims are barred by the Eleventh Amendment and state sovereign immunity.

**FOURTH DEFENSE**

To the extent that Plaintiff brings claims against Defendant in his official capacities, those claims are barred on the basis that an individual defendant sued in his official capacity is not "person" subject to suit under 42 U.S.C. § 1983.

**FIFTH DEFENSE**

Defendant is entitled to qualified immunity.

**SIXTH DEFENSE**

Defendant cannot be held liable under 42 U.S.C. § 1983 for any actions involving Plaintiff in which he did not directly participate or of which he had no knowledge or over which he had no control.

**SEVENTH DEFENSE**

Defendant did not cause any cognizable injury to Plaintiff, so she is not entitled to damages.

**EIGHTH DEFENSE**

Defendant reserves the right to raise any other defenses allowed by law at such time as Plaintiff's claims or contentions are more particularly identified in this

case. Subject to and without waiving any of the foregoing defenses, Defendant responds to the allegations in the Complaint (Doc. 1) as follows:

Defendant objects to the unnumbered opening section of the Complaint (Doc. 1, pp. 1-4) because it fails to comply with Fed. R. Civ. P. 10(b)'s requirement that a plaintiff "must state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent that a response is required to the unnumbered paragraphs, Defendant admits Tomekia Jordan was the Special Agent in Charge, Mike Riley was the Assistant Special Agent in Charge, William Clayton Nix was the Director of the Office of Professional Standards, Defendant was the Deputy Director of the Office of Professional Standards, and Jonathan Adams was the District Attorney for the Towaliga Judicial Circuit.   Defendant denies the remaining allegations in those unnumbered paragraphs and denies that he violated Plaintiff's constitutional rights.

### Parties, Jurisdiction, and Venue

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

## **Facts**

10.     Defendant is without knowledge or information sufficient to form a
belief about the truth of the allegations in this paragraph and so the
allegations are denied.

11.     Defendant is without knowledge or information sufficient to form a
belief about the truth of the allegations in this paragraph and so the
allegations are denied.

12.     Defendant is without knowledge or information sufficient to form a
belief about the truth of the allegations in this paragraph and so the
allegations are denied.

13.     Defendant is without knowledge or information sufficient to form a
belief about the truth of the allegations in this paragraph and so the
allegations are denied.

14.     Defendant is without knowledge or information sufficient to form a
        belief about the truth of the allegations in this paragraph and so the
        allegations are denied.

15.     This paragraph sets forth legal conclusions that do not require a
        response. To the extent that this paragraph and its subparts make
        reference to U.S. Supreme Court cases, the cases speak for themselves.
        To the extent that a response is required, Defendant is without
        knowledge or information sufficient to form a belief about the truth of
        the allegations in this paragraph, including the subparts, and so the
        allegations are denied.

16.     Defendant is without knowledge or information sufficient to form a
        belief about the truth of the allegations in this paragraph and so the
        allegations are denied.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.   In response to numbered paragraph 24, Defendant Richey admits that

he did not inform the lawyers and investigator that he was

surreptitiously recording them because he was not surreptitiously

recording them.  Defendant is without knowledge or information

sufficient to form a belief about the truth of the remaining allegations

in this paragraph and so the allegations are denied.

25.   In response to numbered paragraph 25, Defendant Richey admits that

he did not seek or obtain a warrant to surreptitiously record meetings

between Mr. Dubose and his defense team, because he was not

surreptitiously recording the meetings.  Defendant is without

knowledge or information sufficient to form a belief about the truth of

the remaining allegations in this paragraph and so the allegations are

denied.

26.   The allegations in numbered paragraph 26 refer to a court order, which

speaks for itself. To the extent that the allegations in this paragraph

differ from what is contained in the court order, they are denied.

Defendant is without knowledge or information sufficient to form a

belief about the truth of the remaining allegations in this paragraph and

so the allegations are denied.

27.   The allegations in this paragraph refer to a court order, which speaks for itself. To the extent that the allegations in this paragraph differ from what is contained in the court order, they are denied.

28.   Denied.

29.   Defendant Richey admits that he did not inform the lawyers, investigators, or the judge that he was planning to violate the court order by surreptitiously recording Mr. Dubose's defense team because he did not surreptitiously record the defense team. The allegations in this paragraph refer to a court order, which speaks for itself. To the extent that the allegations in this paragraph differ from what is contained in the court order, they are denied. Defendant denies any remaining allegations in this paragraph.

30.   Defendant admits that he did not inform the Mr. Dubose's defense team that they were being surreptitiously recorded because Defendant did not surreptitiously record the defense team. Defendant denies any remaining allegations in this paragraph.

31.   Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and so the allegations are denied.

32.   Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and so the allegations are denied.

33.   Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and so the allegations are denied.

34.   Numbered paragraph 34 and footnotes 1-3 set forth a legal conclusion that does not require a response. To the extent that a response is required, Defendant denies the allegations in this paragraph.

35.   Numbered paragraph 35 and footnote 4 set forth a legal conclusion that does not require a response. To the extent that a response is required, Defendant denies the allegations in this paragraph.

36.   Denied.

37.   Denied.

38.   Admitted.

39.   In response to numbered paragraph 39, Defendant denies engaging in a public shaming of Plaintiff.  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and so the allegations are denied.

40.    Defendant denies that the affidavit is false. To the extent that this
       paragraph makes allegations regarding the content of the affidavit,
       the affidavit speaks for itself.

41.    Denied.

42.    The allegations in numbered paragraph 42 paragraph refer to a video
       that speaks for itself. To the extent that the allegations in this
       paragraph differ from what is shown in the video, they are denied.

43.    The allegations in numbered paragraph 43 make refer to a video that
       speaks for itself.  To the extent that the allegations in this paragraph
       differ from what is shown in the video, they are denied.

44.    The allegations in this paragraph refer to a video that speaks for
       itself. To the extent that the allegations in this paragraph differ from
       what is shown in the video, they are denied.

45.    In response to numbered paragraph 45, Defendant admits the first
       sentence.  Defendant is without knowledge or information sufficient
       to form a belief about the truth of the remaining allegations in this
       paragraph and so the allegations are denied.

46.    Denied.

47.     In response to numbered paragraph 47, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

48.     In response to numbered paragraph 48, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

49.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

50.     The allegations in this paragraph refer to a video that speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

51.     Defendant admits the video has been filed under seal in a previous action.  Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and so the allegations are denied.

52.     Admitted.

53.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 53 and footnote 5 and so the allegations are denied.

54.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 54 and so the allegations are denied.

55.    Admitted.

56.    Admitted.

57.    Denied.

58.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 58 and so the allegations are denied.

59.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 59 and so the allegations are denied.

60.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 60 and so the allegations are denied.

61.    Admitted.

62.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 62 and so the allegations are denied.

63.    Denied.

64.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 64 and so the allegations are denied.

65.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 65 and so the allegations are denied.

66.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 66 and so the allegations are denied.

67.   In response to numbered paragraph 67, Defendant was aware of the investigation.  Defendant denies all other allegations in numbered paragraph 67.

68.   Admitted.

69.   Denied.

70.   Admitted.

71.   Admitted.

72.   Denied.

73.   In response to numbered paragraph 73, Defendant admits Defendant Richey was aware of the investigation.  Defendant denies all other allegations in numbered paragraph 73.

74.  Admitted.

75.  Denied.

76.  Admitted.

77.  Denied.

78.  Denied.

79.  In response to numbered paragraph 79, Defendant admits Defendant Adams reviewed the video and stated that he would prosecute the case if a warrant for Plaintiff's arrest was obtained.  Defendant denies all other allegations in numbered paragraph 79.

80.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 80 and so the allegations are denied.

81.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 81 and so the allegations are denied.

82.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 82 and so the allegations are denied.

83.  Denied.

84.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 84 and so the allegations are denied.

85.   Admitted.

86.   Admitted.

87.   Denied.

88.   Denied.

89.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 89 and so the allegations are denied.

90.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 90 and so the allegations are denied.

91.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 91 and so the allegations are denied.

92.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 92 and so the allegations are denied.

93.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 93 and so the allegations are denied.

94.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 94 and so the allegations are denied.

95.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 95 and so the allegations are denied.

96.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 96 and so the allegations are denied.

97.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 97 and so the allegations are denied.

98.     Denied.

99.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 99 and so the allegations are denied.

100.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 100 and so the allegations are denied.

101.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 101 and so the allegations are denied.

102.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 102 and so the allegations are denied.

103.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 103 and so the allegations are denied.

104.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 104 and so the allegations are denied.

105.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 105 and so the allegations are denied.

106.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 106 and so the allegations are denied.

107.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 107 and so the allegations are denied.

108.   Denied.

109.   Denied.

110.   Numbered paragraph 110 sets forth a legal conclusion that does not require a response. To the extent that a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

111.   Numbered paragraph 111 sets forth a legal conclusion that does not require a response. To the extent that a response is required, Defendant denies that he violated Plaintiff's constitutional rights.

112.   Denied.

113.   Denied.

114.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 114 and so the allegations are denied.

115.   The allegations in numbered 115 paragraph refer to a video that speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

116.   Denied.

117.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 117 and so the allegations are denied.

118.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 118 and so the allegations are denied.

119.   Denied.

120.   Defendant admits the allegations in numbered paragraph 120 as to himself.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 120 as to all other defendants and so the allegations are denied.

121.   Defendant admits the allegations in numbered paragraph 121 as to himself.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 121 as to all other defendants and so the allegations are denied.

122.    Defendant denies the allegations in numbered paragraph 122 as to himself.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 122 as to all other defendants and so the allegations are denied.

123.    Defendant denies the allegations in numbered paragraph 123 as to himself.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 123 as to all other defendants and so the allegations are denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in numbered paragraph 127 and so the allegations are denied.

128.    Denied.

## COUNT II

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

**<u>Prayer for Relief</u>**

Defendant denies that Plaintiff is entitled to any relief.

**GENERAL DENIAL**

Any allegations in Plaintiff's Complaint to which Defendant has not

otherwise responded are hereby denied.

WHEREFORE, Defendant prays that this Court:

a) Enter judgment in favor of Defendant and against Plaintiff;

b) Deny Plaintiff all relief;

c) Grant Defendant a jury trial on all issues so triable; and

d) Grant Defendant such other and further relief as the Court may deem

appropriate.

This May 25, 2022.

**/s Charles E. Cox, Jr.**
**Charles E. Cox, Jr., LLC**
Ga. Bar No. 192305
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:   (478) 757-2990
Facsimile:    (478) 757-2991
E-mail:        Charles@cecoxjr.com

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1B</u>

I, Charles E. Cox, Jr., hereby certify that I electronically filed the foregoing document  with the Clerk of Court using the CM/ECF system, who will send notification and a copy of such to all counsel of record.

I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following nonCM/ECF participants:

I further certify pursuant to L.R. 7.1D that the above-titled document complies with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

This May 25, 2022.

**/s Charles E. Cox, Jr.**
**Charles E. Cox, Jr., LLC**
Ga. Bar No. 192305
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:  (478) 757-2990
Facsimile:   (478) 757-2991
E-mail:      Charles@cecoxjr.com
**Attorney for Defendant Richey**