## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LILY ENGLEMAN,

Plaintiff,

     v.

WILLIAM CLAYTON NIX,
JOHN RICHEY, TOMEKIA JORDAN,
MIKE RILEY, and JONATHAN
ADAMS,

Defendants.

CIVIL ACTION FILE
NO.: 1:22-cv-00903-MLB

## DEFENDANT, TOMEKIA JORDAN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Tomekia Jordan (hereinafter, "Jordan") files this Answer and Defenses to the Plaintiff's Complaint as follows:

## FIRST DEFENSE

Defendant Jordan did not violate Plaintiff's constitutional, statutory, or other legal rights in any way, and violated no duty owed to Plaintiff.

## SECOND DEFENSE

Defendant Jordan is entitled to the protection of qualified immunity.

## THIRD DEFENSE

The claims against Defendant Jordan are barred by the applicable statute of limitations.

## FOURTH DEFENSE

No action by Defendant Jordan was the actual or proximate cause of any injury sustained by Plaintiff.

## FIFTH DEFENSE

To the extent sued in her official capacity, Plaintiff's claims are barred by sovereign immunity and Eleventh Amendment immunity.

## SIXTH DEFENSE

To the extent any Georgia state law claims are purportedly stated against Defendant Jordan, the same are barred by official immunity under the Georgia Tort Claims Act.

## ANSWER TO COMPLAINT

Subject to its other defenses stated herein, Jordan responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

To the extent Plaintiff's introductory section contained in the unnumbered, first three paragraphs of the Complaint require a response, Defendant Jordan denies that she violated Plaintiff's constitutional rights and denies Plaintiff is entitled to any

2

recovery against Defendant Jordan on any ground, in any amount. Defendant Jordan generally denies the facts pled therein.

## Parties, Jurisdiction, and Venue

### 1.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

### 2.

Answering Paragraph 2 of the Complaint, Defendant Jordan denies the phrase "acting under color of law" to the extent that implies any wrongdoing on her part of any kind whatsoever. Otherwise, the paragraph is admitted.

### 3.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

### 4.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.

Paragraph 7 is denied.

8.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, but denies that venue is proper as to her.

**Facts**

10.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.

Answering Paragraph 15 of the Complaint, it is admitted to the extent that the quotes therein are consistent with the judicial opinions cited; otherwise it is denied.

16.

Answering on Paragraph 16 on best information and belief, it is admitted.

17.

Answering Paragraph 17 of the Complaint on best information and belief, it is admitted.

18.

Paragraph 18 is denied.

19.

Paragraph 19 is denied.

20.

Paragraph 20 is denied.

21.

Paragraph 21 is denied.

22.

Paragraph 22 is denied.

23.

Paragraph 23 is denied.

24.

Answering Paragraph 24 of the Complaint, Defendant Jordan admits that she did not inform Mr. Dubose or his legal team that she was surreptitiously recording

them, because she was not surreptitiously recording them. Otherwise, the allegations

therein are denied.

25.

Answering Paragraph 25 of the Complaint, Defendant Jordan admits that she

did not seek a warrant to surreptitiously recording Mr. Dubose and his legal team,

because she was not surreptitiously recording them. Otherwise, it is denied.

26.

Defendant Jordan is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 26 of the Complaint,

but specifically denies any involvement in the facts alleged therein and denies any

wrongdoing on her part.

27.

Defendant Jordan is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.

Paragraph 28 is denied.

29.

Answering Paragraph 29 of the Complaint, Defendant Jordan admits that she

did not inform Mr. Dubose's legal team or the judge that she was violating a court

order, because she did not violate a court order. Otherwise, the allegations therein are denied.

<div align="center">30.</div>

Answering Paragraph 30 of the Complaint, Defendant Jordan admits that she did not notify Mr. Dubose or his legal team that she was surreptitiously recording them, because she was not surreptitiously recording them. Otherwise, the allegations therein are denied.

<div align="center">31.</div>

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, but specifically denies any wrongdoing on her part.

<div align="center">32.</div>

Paragraph 32 is denied as stated. While Defendant Jordan is without knowledge sufficient to admit or deny whether Plaintiff or others on "the Dubose defense team had a reasonable expectation of privacy," she denies that any such privacy was invaded by herself or the other OPS Agents referred to in the Complaint.

<div align="center">33.</div>

Paragraph 33 is denied as stated. While Defendant Jordan is without knowledge sufficient to admit or deny on what Plaintiff or others "reasonably

<div align="center">8</div>

relied," she denies that she or the other OPS Agents referred to in the Complaint violated any court order.

34.

Paragraph 34 is denied.

35.

Answering Paragraph 35 of the Complaint, it is admitted to the extent that the quote therein is consistent with the statute cited; otherwise it is denied. It is further denied that Defendant Jordan invaded, breached, or violated any such privilege.

36.

Paragraph 36 is denied.

37.

Paragraph 37 is denied.

38.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, but specifically denies any wrongdoing on her part.

39.

Paragraph 39 is denied.

40.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the accuracy of the quotation of the affidavit contained in Paragraph 40 of the Complaint, but specifically denies that the affidavit was false to the best of her knowledge, information, and belief.

41.

Answering on best information and belief, paragraph 41 is denied.

42.

Answering Paragraph 42, Defendant Jordan shows that the video speaks for itself. To the extent further response is required, it is denied.

43.

Answering on best information and belief, paragraph 43 is denied.

44.

Answering on best information and belief, paragraph 44 is denied.

45.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, but specifically denies any wrongdoing on her part.

46.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, but specifically denies any wrongdoing on her part.

47.

Paragraph 47 is denied.

48.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, but specifically denies any wrongdoing on her part.

49.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, but specifically denies any wrongdoing on her part.

50.

Paragraph 50 is denied.

51.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

11

52.

Answering Paragraph 52 on best information and belief, Defendant Jordan admits that the referenced policy exists. It is otherwise, denied.

53.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint including, but not limited to, whether Mr. Dubose was strip searched after the subject meeting with Plaintiff.

55.

Paragraph 55 is denied as stated. Defendant Jordan admits only that she watched the subject video and was aware of the investigation.

56.

Paragraph 56 is admitted.

57.

Paragraph 57 is denied.

58.

Paragraph 58 is denied as stated. Defendant Jordan admits only that she was aware that Adkerson might attempt to secure such a warrant.

59.

Paragraph 59 is denied as stated. Defendant Jordan admits only that she was aware that Adkerson might attempt to secure such a warrant.

60.

Paragraph 60 is denied as stated. Defendant Jordan admits only that she was aware that Adkerson might attempt to secure such a warrant.

61.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.

Paragraph 63 is denied.

64.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.

Paragraph 69 is denied.

70.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.

Paragraph 75 is denied.

76.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.

Paragraph 79 is denied.

80.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.

Paragraph 82 is denied.

83.

Paragraph 83 is denied.

84.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.

Answering Paragraph 85 of the Complaint, Defendant Jordan admits that Plaintiff was arrested on the alleged date, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.

Answering Paragraph 86 on best information and belief, it is admitted.

87.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, but specifically denies any wrongdoing on her part and denies that the alleged charges were "false."

104.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 105 of the Complaint. The allegations of the second sentence are denied.

106.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.

Answering Paragraph 107 of the Complaint, Defendant Jordan admits that the prosecution of Plaintiff was terminated, but otherwise it is denied.

108.

Paragraph 108 is denied.

**COUNT I**

109.

Paragraph 109 is denied.

110.

Defendant Jordan admits the allegations of Paragraph 110 to the extent consistent with Fourth Amendment jurisprudence and otherwise they are denied. Further responding, Defendant Jordan denies that she violated any of Plaintiff's rights and denies any liability to Plaintiff in any amount.

111.

Defendant Jordan admits the allegations of Paragraph 111 to the extent consistent with the legal authorities referred to therein and otherwise they are denied. Further responding, Defendant Jordan denies that she violated any of Plaintiff's rights and denies any liability to Plaintiff in any amount.

112.

Paragraph 112 is denied.

113.

Paragraph 113 is denied.

114.

Defendant Jordan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.

Answering based on Defendant Jordan's best knowledge, information, and belief, Paragraph 115 is denied. Further responding, the video speaks for itself.

116.

Paragraph 116 is denied.

117.

Paragraph 117 is denied.

118.

Defendant Jordan admits that she watched the video referenced. Otherwise, she is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.

Paragraph 119 is denied.

120.

Defendant Jordan admits that she was aware that Adkerson might request that the Court issue a warrant, but otherwise denies Paragraph 120. She is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121.

Defendant Jordan admits that she was aware that Adkerson might request that the Court issue a warrant, but otherwise denies Paragraph 121. She is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.

Defendant Jordan admits that she was aware that Adkerson might request that the Court issue a warrant, but otherwise denies Paragraph 122. She is without

knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 122 of the Complaint.

123.

Paragraph 123 is denied.

124.

Paragraph 124 is denied.

125.

Paragraph 125 is denied.

126.

Paragraph 126 is denied.

127.

Paragraph 127 is denied.

128.

Paragraph 128 is denied.

**COUNT II**

129.

Paragraph 129 is denied.

130.

Paragraph 130 is denied.

131.

Paragraph 131 is denied.

132.

Paragraph 132 is denied.

133.

Any allegation in the Complaint not specifically admitted herein is denied.

134.

Defendant Jordan denies that Plaintiff is entitled to the relief sought or to damages against her in any amount.

WHEREFORE, Defendant, Tomekia Jordan prays that this Court dismiss this case with prejudice; enter judgment in her favor; cast all costs, including attorneys' fees, on Plaintiff; and grant such other and further relief as it deems just and necessary. To the extent that any issues of fact exist, Defendant Jordan **hereby demands trial by a jury of twelve.**

Respectfully submitted this 25th day of May, 2022.

STITES & HARBISON PLLC

*/s/ Derrick L. Bingham*
Derrick L. Bingham
Georgia Bar No. 141217
Julie R. Comer
Georgia Bar No. 380547
*Counsel for Defendant,*
*Tomekia Jordan*

303 Peachtree Street, N. E., Suite 2800
Atlanta, Georgia 30308
T: (404) 739-8800
E:       dbingham@stites.com
          jcomer@stites.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing *Defendant, Tomekia Jordan's Answer and Defenses to Plaintiff's Complaint* upon all parties of record by electronic service through CM/ECF, the Court's e-filing service.

Mark Begnaud
mbegnaud@eshmanbegnaud.com
Michael J. Eshman
meshman@eshmanbegnaud.com
ESHMAN BEGNAUD, LLC
315 W. Ponce DeLeon Ave
Suite 775
Decatur, GA 30030
*Counsel for Plaintiff*

Timothy J. Buckley, III
tbuckley@bchlawpc.com
Eric James O'Brien
eobrien@bchlawpc.com
 BUCKLEY CHRISTOPHER, P.C.
2970 Clairmont Road, N.E.
Suite 650
Atlanta, GA 30329
*Counsel for Defendant Jonathan Adams*

Charles E. Cox, Jr.
charles@cecoxjr.com
CHARLES E. COX, JR., LLC
Post Office Box 67
Macon, Georgia 31202-0067
*Counsel for Defendants, William Clayton Nix and John Richey*

Charles J. Cole
cjc@mcraebertschi.com
MCRAE BERTSCHI & COLE, LLC
1872 Independence Square
Suite D
Dunwoody, Georgia 30338
*Counsel for Defendant Mike Riley*

This 25th day of May, 2022.

<div style="margin-left:40%">

STITES & HARBISON PLLC

*/s/ Derrick L. Bingham*
Derrick L. Bingham
Georgia Bar No. 141217
Julie R. Comer
Georgia Bar No. 380547
*Counsel for Defendant,*
*Tomekia Jordan*

</div>

303 Peachtree Street, N. E., Suite 2800
Atlanta, Georgia 30308
T: (404) 739-8800
E:      dbingham@stites.com
         jcomer@stites.com