IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LILY ENGLEMAN, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:22-cv-00903-MLB |
| WILLIAM CLAYTON NIX, JOHN | ) | |
| RICHEY, TOMEKIA JORDAN, | ) | |
| MIKE RILEY, and JONATHAN | ) | |
| ADAMS | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENSES AND ANSWER OF MIKE RILEY

Defendant Mike Riley files his Defenses and Answer to Plaintiff's

Complaint, as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be

granted.

- 1 -

## SECOND DEFENSE

Plaintiff has not been deprived of any right afforded by the Constitution.

## THIRD DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitation.

## FOURTH DEFENSE

Defendant Riley is entitled to qualified immunity.

## FIFTH DEFENSE

Defendant Riley cannot be liable pursuant to 42 U.S.C. § 1983 for any action in which he did not directly participate or for any action of which he had no knowledge.

## SIXTH DEFENSE

To the extent that Defendant Riley is sued in his official capacity, Plaintiff's claims are barred by sovereign immunity and Eleventh Amendment immunity.

## SEVENTH DEFENSE

Defendant Riley did not proximately cause any injury to Plaintiff.

## **EIGHTH DEFENSE**

To the extent that any Georgia state law claims are purportedly stated, they are barred by official immunity under the Georgia Tort Claims Act.

Defendant Riley objects to the unnumbered opening section of the Complaint because it fails to comply with Fed. R. Civ. P. 10(b)'s requirement that a plaintiff "must state [her] claims…in numbered paragraphs, each limited as far as practicable to a single set of circumstances". To the extent that a response is required to the unnumbered paragraphs, Defendant Riley admits that Tomekia Jordan was the Special Agent in Charge, Mike Riley was the Acting Assistant Special Agent in Charge, William Clayton Nix was the Director of the Office of Professional Standards, John Richey was the Deputy Director of the Office of Professional Standards, and Jonathan Adams was the District Attorney for the Towaliga Judicial Circuit. Defendant Riley denies the remaining allegations in those unnumbered paragraphs, and he denies that he violated Plaintiff's constitutional rights.

In response to the specific averments of Plaintiff's Complaint, Defendant Riley responds as follows:

## Parties, Jurisdiction and Venue

1.    Defendant Riley can neither admit nor deny the averments of Paragraph 1 for lack of sufficient information.

2.    Defendant Riley admits that Defendant Jordan is an employee of the Department of Corrections. The remaining averments are denied as pled.

3.    Defendant Riley admits that he is an employee of the Department of Corrections. The remaining averments are denied as pled.

4.    Defendant Riley admits that Defendant Nix is an employee of the Department of Corrections. The remaining averments are denied as pled.

5.    Defendant Riley admits that Defendant Richey is an employee of the Department of Corrections. The remaining averments are denied as pled.

6.    Defendant Riley admits the Defendant Adams I the District Attorney for the Towaliga Judicial Circuit. The remaining averments are denied as pled.

7.    Paragraph 7 asserts conclusions of law, and requires no response from Defendant Riley.

8.     Denied as pled.

9.    Defendant Riley can neither admit nor deny the averments of Paragraph 9 for lack of sufficient information, but denies that venue is proper as to him.

### Facts

10.    Defendant Riley can neither admit nor deny the averments of Paragraph 10 for lack of sufficient information.

11.    Defendant Riley can neither admit nor deny the averments of Paragraph 11 for lack of sufficient information.

12.    Defendant Riley can neither admit nor deny the averments of Paragraph 12 for lack of sufficient information.

13.    Defendant Riley can neither admit nor deny the averments of Paragraph 13 for lack of sufficient information.

14.    Defendant Riley can neither admit nor deny the averments of Paragraph 14 for lack of sufficient information.

15.    Defendant Riley can neither admit nor deny the averments of Paragraph 15, including subparts (a), (b), and (c), for lack of sufficient information.

16.    Defendant Riley can neither admit nor deny the averments of Paragraph 16 for lack of sufficient information.

17.    Admitted.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied. Defendant Riley did not surreptitiously record meetings.

25.    Denied. Defendant Riley did not surreptitiously record meetings.

26.    Defendant Riley can neither admit nor deny the averments of Paragraph 26 for lack of sufficient information, but he specifically denies that he was involved in any such effort.

27.    Defendant Riley can neither admit nor deny the averments of Paragraph 27 for lack of sufficient information.

28.    Defendant Riley denies that he had a copy of the Order.

29.    Defendant Riley denies that the Order was violated.

30.    Defendant Riley was not aware that the meeting was being videotaped.

31.     Defendant Riley can neither admit nor deny the averments of Paragraph 31 for lack of sufficient information.

32.      Defendant Riley can neither admit nor deny the averments of Paragraph 32 for lack of sufficient information.

33.      Defendant Riley can neither admit nor deny the averments of Paragraph 33 for lack of sufficient information.

34.    Paragraph 34 asserts conclusions of law, and requires no response from Defendant Riley. To the extent that Defendant Riley is required to answer, it is denied.

35.    Defendant Riley admits the averments of Paragraph 35, to the extent that it accurately quotes the statute. Defendant Riley denies that he violated any such privilege.

36.    Denied.

37.    Denied.

38.    Defendant Riley admits the averments of Paragraph 38 to the extent that they are consistent with the Affidavit. Otherwise, they are denied.

39.    Defendant Riley admits the averments of Paragraph 39 to the extent that they are consistent with the Affidavit. Otherwise, they are denied.

40.    Defendant Riley denies the averments of Paragraph 40 to the extent they are inconsistent with the referenced document, and he denies as pled any remaining averments.

41.    Defendant Riley denies the averments of Paragraph 41 to the extent they are inconsistent with the referenced document, and he denies as pled any remaining averments.

42.    Denied as pled.

43.    Denied as pled.

44.    Denied as pled.

45.    Defendant Riley can neither admit nor deny the averments of Paragraph 45 for lack of sufficient information, but specifically denies any wrongdoing.

46.    Defendant Riley can neither admit nor deny the averments of Paragraph 46 for lack of sufficient information, but specifically denies any wrongdoing.

47.    Denied.

48.    Defendant Riley can neither admit nor deny the averments of Paragraph 48 for lack of sufficient information.

49. Defendant Riley can neither admit nor deny the averments of Paragraph 49 for lack of sufficient information.

50. Defendant Riley can neither admit nor deny the averments of Paragraph 50 for lack of sufficient information, but he denies the characterization of what the video depicts.

51. Defendant Riley can neither admit nor deny the averments of Paragraph 51 for lack of sufficient information.

52. Defendant Riley can neither admit nor deny the averments of Paragraph 52 for lack of sufficient information.

53. Defendant Riley can neither admit nor deny the averments of Paragraph 53 for lack of sufficient information.

54. Defendant Riley can neither admit nor deny the averments of Paragraph 54 for lack of sufficient information.

55. Defendant Riley can neither admit nor deny the averments of Paragraph 55 for lack of sufficient information.

56. Defendant Riley can neither admit nor deny the averments of Paragraph 56 for lack of sufficient information.

57. Denied.

58. Defendant Riley can neither admit nor deny the averments of Paragraph 58 for lack of sufficient information.

59. Defendant Riley can neither admit nor deny the averments of Paragraph 59 for lack of sufficient information.

60. Defendant Riley can neither admit nor deny the averments of Paragraph 60 for lack of sufficient information.

61. Denied as pled. Defendant Riley, who was Acting Special Agent in Charge, was aware of the investigation.

62. Defendant Riley does not recall whether he watched the video.

63. Denied.

64. Denied as pled. Defendant Riley admits that he was aware of the investigation, and that Defendant Adkerson might attempt to secure an arrest warrant.

65. Denied as pled. Defendant Riley admits that he was aware of the investigation, and that Defendant Adkerson might attempt to secure an arrest warrant.

66. Denied.

67. Defendant Riley can neither admit nor deny the averments of Paragraph 67 for lack of sufficient information.

68. Defendant Riley can neither admit nor deny the averments of Paragraph 68 for lack of sufficient information.

69. Denied.

70. Defendant Riley can neither admit nor deny the averments of Paragraph 70 for lack of sufficient information.

71. Defendant Riley can neither admit nor deny the averments of Paragraph 71 for lack of sufficient information.

72. Defendant Riley can neither admit nor deny the averments of Paragraph 72 for lack of sufficient information.

73. Defendant Riley can neither admit nor deny the averments of Paragraph 73 for lack of sufficient information.

74. Defendant Riley can neither admit nor deny the averments of Paragraph 74 for lack of sufficient information.

75. Denied.

76. Defendant Riley can neither admit nor deny the averments of Paragraph 76 for lack of sufficient information.

77. Defendant Riley can neither admit nor deny the averments of Paragraph 77 for lack of sufficient information.

78. Defendant Riley can neither admit nor deny the averments of Paragraph 78 for lack of sufficient information.

79. Denied.

80. Defendant Riley can neither admit nor deny the averments of Paragraph 80 for lack of sufficient information.

81. Defendant Riley can neither admit nor deny the averments of Paragraph 81 for lack of sufficient information.

82. Denied.

83. Denied.

84. Defendant Riley can neither admit nor deny the averments of Paragraph 84 for lack of sufficient information.

85. Defendant Riley can neither admit nor deny the averments of Paragraph 85 for lack of sufficient information.

86.  Admitted.

87. Defendant Riley can neither admit nor deny the averments of Paragraph 87 for lack of sufficient information.

88. Defendant Riley can neither admit nor deny the averments of Paragraph 88 for lack of sufficient information.

89. Defendant Riley can neither admit nor deny the averments of Paragraph 89 for lack of sufficient information.

90. Defendant Riley can neither admit nor deny the averments of Paragraph 90 for lack of sufficient information.

91. Defendant Riley can neither admit nor deny the averments of Paragraph 91 for lack of sufficient information.

92. Defendant Riley can neither admit nor deny the averments of Paragraph 92 for lack of sufficient information.

93. Defendant Riley can neither admit nor deny the averments of Paragraph 93 for lack of sufficient information.

94. Defendant Riley can neither admit nor deny the averments of Paragraph 94 for lack of sufficient information.

95. Defendant Riley can neither admit nor deny the averments of Paragraph 95 for lack of sufficient information.

96. Defendant Riley can neither admit nor deny the averments of Paragraph 96 for lack of sufficient information.

97. Defendant Riley can neither admit nor deny the averments of Paragraph 97 for lack of sufficient information.

98. Defendant Riley can neither admit nor deny the averments of Paragraph 98 for lack of sufficient information.

99. Defendant Riley can neither admit nor deny the averments of Paragraph 99 for lack of sufficient information.

100. Defendant Riley can neither admit nor deny the averments of Paragraph 100 for lack of sufficient information.

101. Defendant Riley can neither admit nor deny the averments of Paragraph 101 for lack of sufficient information.

102. Defendant Riley can neither admit nor deny the averments of Paragraph 102 for lack of sufficient information.

103.  Defendant Riley denies that the charges were "false". Defendant Riley can neither admit nor deny the remaining averments of Paragraph 103 for lack of sufficient information.

104. Defendant Riley can neither admit nor deny the averments of Paragraph 104 for lack of sufficient information.

105. Defendant Riley can neither admit nor deny the averments of Paragraph 105 for lack of sufficient information.

106. Defendant Riley can neither admit nor deny the averments of Paragraph 106 for lack of sufficient information.

107. Defendant Riley denies that the charges were "fabricated". Defendant Riley can neither admit nor deny the remaining averments of Paragraph 107 for lack of sufficient information.

108.  Denied.

## COUNT I

109.  Denied.

110.  Paragraph 110 contains conclusions of law which require no response. Defendant Riley denies that he violated Plaintiff's rights.

111. Paragraph 111 contains conclusions of law which require no response. Defendant Riley denies that he violated Plaintiff's rights.

112.  Denied.

113.  Denied.

114. Defendant Riley can neither admit nor deny the averments of Paragraph 114 for lack of sufficient information.

115.  Denied.

116.  Denied.

117.  Denied.

118. Defendant Riley can neither admit nor deny the averments of Paragraph 118 for lack of sufficient information.

119.  Denied.

120. Defendant Riley admits that he was aware of the investigation, but otherwise denies Paragraph 120. He can neither admit nor deny the remaining averments of Paragraph 120 for lack of sufficient information.

121. Defendant Riley admits that he was aware of the investigation, but otherwise denies Paragraph 121. He can neither admit nor deny the remaining averments of Paragraph 121 for lack of sufficient information.

122. Defendant Riley admits that he was aware of the investigation, but otherwise denies Paragraph 122. He can neither admit nor deny the remaining averments of Paragraph 122 for lack of sufficient information.

123.  Denied.

124.  Denied.

125.  Denied.

126.  Denied.

127.  Denied.

128.  Denied.

**COUNT II**

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Any allegations in the Complaint not specifically admitted herein are denied.

WHEREFORE, Defendant Riley prays that this Court dismiss this case with prejudice, casting all costs upon Plaintiff.

This 27ᵗʰ day of May, 2022

**MCRAE BERTSCHI & COLE LLC**        */s/ Charles J. Cole*
1872 Independence Square, Suite D        Charles J. Cole
Dunwoody, Georgia 30338        Georgia Bar No. 176704
                cjc@mcraebertschi.com
                678.999.1105

                *Counsel for Defendant Mike Riley*

**Defendant Riley demands a trial by jury of twelve.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LILY ENGLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:22-cv-00903-MLB |
| WILLIAM CLAYTON NIX, | ) | |
| JOHN RICHEY, TOMEKIA | ) | |
| JORDAN, MIKE RILEY, and | ) | |
| JONATHAN ADAMS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I filed the foregoing document in the captioned case using the Court's ECF electronic filing system, which will generate a Notice of Electronic Filing and which constitutes sufficient service under Local Rule 5.1A(3).

This 27th day of May, 2022.

*/s/ Charles J. Cole*
Charles J. Cole