## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LILY ENGLEMAN,

Plaintiff,

v.

WILLIAM CLAYTON NIX, et al.,

Defendants.

Civil Action
File No. 1:22-cv-00903-MLB

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW Lily Engleman, Plaintiff in the above-styled civil action, and submits her initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the United States Constitution for the illegal recording, false swearing of an affidavit in support of an arrest warrant, illegal arrest, and malicious prosecution of Plaintiff.

Plaintiff was a mitigation investigator on the legal defense team representing inmate Ricky Dubose, the defendant in a capital prosecution. Plaintiff met with

1

Dubose on multiple occasions in 2019. After one of those meetings in November 2019, Nathan Adkerson, a Special Agent with the GDC Office of Professional Standards, arrested Plaintiff pursuant to a warrant for the charge of passing contraband to an inmate. In seeking the warrant, Adkerson swore in the warrant application that a video recording of Plaintiff's visit with Dubose in September 2019 showed her passing Dubose "two small unknown items." This warrant application was false – the video does not show Plaintiff passing any items of contraband to Dubose. Defendant Jonathan Adams, the Butts County prosecutor, dismissed the charges against Plaintiff on May 6, 2021—a year and a half after her arrest. Plaintiff was fired and her social work license was not renewed while the charges were pending.

Plaintiff brings suit against Defendants Nix, Richey, Jordan, Riley, and Adams for their roles in the fraudulent, improper, and illegal obtaining of the warrant, the illegal arrest, and the subsequent illegal prosecution. These Defendants failed to intervene to stop the constitutional violations and/or aided and abetted Adkerson in committing these constitutional violations. In addition, Plaintiff brings suit against Defendants Nix, Richey, Jordan, and Riley for illegally recording Plaintiff's meetings with her client.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution; <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674 (1978); <u>United States v. Martin</u>, 615 F.2d 318 (5th Cir.1980); <u>Kelly v. Curtis</u>, 21 F.3d 1544 (11th Cir. 1994); <u>Gennusa v. Canova</u>, 748 F.3d 1103 (11th Cir. 2014); O.C.G.A. § 16-11-62(2)(A); <u>Spence v. Hamm</u>, 226 Ga.App. 357, 487 S.E.2d 9 (1997). Plaintiff also identifies the authority listed in Defendants' initial disclosures. Plaintiff reserves the right to supplement this response as allowed by the Federal Rules of Civil Procedure.

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Plaintiff (who may be contacted through undersigned counsel) will provide testimony regarding the incident in question and damages flowing therefrom.

Defendants and the other employees of the Georgia Department of Corrections identified in Defendants' Initial Disclosures or discovery responses.

Members of Ricky Dubose's defense team specifically (who are identified in the GDC case file), and employees of the Georgia Capital

Defender more generally can provide testimony regarding illegal recording and Plaintiff's termination.

Any individual with knowledge of the procuring of the warrant for Plaintiff's arrest and Plaintiff's prosecution, which would presumably include the judicial officer issuing the warrant, employees of the Butts County District Attorney's Office, and Don Samuel, Plaintiff's criminal defense attorney.

Individuals with knowledge of Plaintiff's damages, which would generally include friends and family members, as well as professional contacts such as individuals from whom Plaintiff has sought employment, professional contacts who have hired or contracted with Plaintiff, or others with knowledge of Plaintiff's damages.

Other persons to be identified through discovery.

Any person necessary to authenticate a document or explain a document's content.

All witnesses listed on Defendants' Initial Disclosures.

Plaintiffs reserve the right to supplement this response as discovery continues.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B),**

**provide a separate written report satisfying the provisions of that rule.**

Plaintiff has not yet retained an expert in regard to this matter. Plaintiff reserves the right to name such expert as allowed by the Federal Rules of Civil Procedure.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Criminal Case File for Lily Engleman/Georgia Department of Corrections; OPS investigative file into Lily Engleman (including video);

Communications of GDC officials regarding the investigation of Lily Engleman;

Policies and procedures of Georgia Department of Corrections;

Personnel files of the Defendants in this action and the Defendants in the related action, some of which are in GDC custody;

SCRIBE reports of other investigations into contraband in GDC facilities;

Records of Plaintiff's efforts to secure employment, including without limitation Plaintiff's resume, job applications, cover letters, and rejection letters;

Communications with the state licensing board regarding Plaintiff's professional licensing;

Plaintiff's counseling billing records;

Plaintiff's business and financial records (e.g. tax records and records from Plaintiff's consulting business, created after Plaintiff's termination from the Georgia Capital Defender; paystubs from Plaintiff's job waiting tables)

Plaintiff reserves the right to supplement this response and/or provide/identify additional records as discovery continues.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**

Special Damages

Plaintiff's employment was terminated as a result of her illegal arrest and malicious prosecution and Plaintiff could not find work in her field until well after she was exonerated.  Plaintiff also suffered from mental anguish and emotional distress flowing from her persecution at the hands of Defendants, which included visiting a therapist.

General Damages

Pain and suffering, including but not limited to past and future physical pain and disability, mental anguish, emotional distress, and interference with enjoyment of life (to be determined by the enlightened conscience of fair and impartial jurors).  Additionally, punitive damages to punish and deter (to be determined by the enlightened conscience of fair and impartial jurors)

Attorney's Fees

To be determined by the Court post-judgment based upon the quantity and quality of work performed, and the expenses incurred, by Plaintiff's counsel.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment**

which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

N/A

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

N/A

ESHMAN BEGNAUD, LLC

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com
Michael J. Eshman
Georgia Bar No. 365497
meshman@eshmanbegnaud.com

315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
404-491-0170

## CERTIFICATE OF SERVICE

I hereby certify that I sent the foregoing PLAINTIFF'S INITIAL DISCLOSURES to the following attorneys of record via the Court's CM/ECF system, which will deliver copies to all counsel of record:

Charles E. Cox, Jr.
charles@cecoxjr.com
Julie Rachel Comer
jcomer@stites.com
Derrick L. Bingham
dbingham@stites.com
Charles Jackson Cole
cjc@mcraebertschi.com
Eric James O'Brien
eobrien@bchlawpc.com
Timothy J. Buckley, III
tbuckley@bchlawpc.com

This 30th day of June, 2022.

**ESHMAN BEGNAUD, LLC**

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com

315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
404-491-0170