IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LILY ENGLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CLAYTON NIX,<br>JOHN RICHEY, TOMEKIA JORDAN,<br>MIKE RILEY, and JONATHAN<br>ADAMS,<br><br>Defendants. | CIVIL ACTION FILE<br>NO.: 1:22-cv-00903-MLB |

**INITIAL DISCLOSURES**
**OF DEFENDANT TOMEKIA JORDAN**

TOMEKIA JORDAN, named as a Defendant in this case, submit her Initial Disclosures, pursuant to Rule 26(a)1 of the Federal Rules of Civil Procedure and L.R. 26.1. This Defendant makes these Initial Disclosures based upon information reasonably available at this time. She respectfully requests the opportunity to supplement or modify these responses based on continuing investigation of the case and as discovery continues.

(1)   *If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended*

*summons and complaint reflecting the information furnished in this disclosure response.*

**RESPONSE**: This Defendant does not contend that she has been improperly identified.

(2) *Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.*

**RESPONSE**: Defendant Jordan makes no such contention at this time.

(3) *Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.*

**RESPONSE**: Defendant Jordan provides the following summary based on her present knowledge and recollection of the events at issue in this case. Defendant Jordan's position at the Georgia Department of Corrections has changed since the events underlying this case, and she no longer has access to her files or related documents. Defendant Jordan reserves the right to supplement and/or revise the following account based on information learned, or any refreshment of her recollection, during the course of this litigation.

At the time in question, Defendant Jordan was the Special Agent in Charge of the North Region for the Criminal Investigations Division of the Georgia Department of Corrections. It came to Defendant Jordan's attention, through Special Agent Nathan Adkerson, that Warden Jose Morales of the Special Management Unit had reason to conclude that Plaintiff had illegally smuggled contraband to inmate Ricky Dubose.

Defendant Jordan was provided and reviewed a video-only recording of a meeting between Mr. Dubose and Plaintiff. The recording had no audio and invaded no privilege that could have applied. Defendant Jordan had no role in the creation of the video and understood it to have been automatically recorded on motion sensitive cameras.

After reviewing the video, Defendant Jordan concluded that it supported Warden Morales's conclusions regarding Plaintiff passing contraband to Mr. Dubose. To the best of her recollection, Defendant Jordan instructed SA Adkerson to check with the local district attorney as to whether a warrant application was appropriate. She does not recall having any additional direct involvement in the investigation or case against Plaintiff.

(4)   *Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.*

**RESPONSE**: Defendant Jordan shows that she intends to rely on the doctrine of qualified immunity and all of case law related thereto. Moreover, she shows that she will rely on the Fourth Amendment jurisprudence of this Circuit, which will show that she did not violate Plaintiff's constitutional rights in any way.

(5)   *Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)*

**RESPONSE**: See Attachment A.

(6)   *Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)*

**RESPONSE**: See Attachment B.

(7) *Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

**RESPONSE**: See Attachment C.

(8) *In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D. )*

**RESPONSE**: Defendant Jordan is not seeking damages at this time. This Defendant reserves the right to seek attorneys' fees and costs to the full extent available under the Federal Rules of Civil Procedure and/or Federal law.

(9) *If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name,*

*address, and telephone number of such person or entity and describe in detail the basis of such liability.*

**RESPONSE**: Defendant Jordan makes no such contention at this time.

(10) *Attach for inspection and copying as under Fed.R.Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

**RESPONSE**: Coverage is provided to Defendant Jordan by the Georgia Department of Administrative Services, pursuant to a State Tort Claims Policy, issued to the Department of Correction, Policy No. TCP-401-401-14-20. Coverage information will be provided upon request.

## ATTACHMENT A

## Witness List

The following individuals are likely to have discoverable information that these Defendants may use to support its defenses:

1. Plaintiff, whom may be contacted through her counsel.

2. All named Defendants in this case, whom may be contacted through their respective counsel.

3. Nathan Adkerson, Maryjane Moss, and Jose Morales, whom may be contacted through their respective counsel.

4. Any individual shown to have been involved or to have had knowledge of the investigation into Plaintiff's alleged conduct, including, without limitation, prosecuting attorneys and members of the Department of Corrections.

5. Any witness listed by any other party.

Defendant Jordan provides this list based on her current knowledge, information, and belief. Defendant Jordan may identify other possible witnesses during the course of discovery. This Defendant respectfully requests the opportunity to supplement this list with the names of any subsequently identified witnesses.

## ATTACHMENT B

## Expert Witness List

At this time, this Defendant has neither retained an expert nor decided whether she will call any expert(s) at trial. This Defendant will comply with all expert disclosure rules should it decide to utilize expert testimony at trial.

## ATTACHMENT C

## Document List

Other than very few text messages and emails, which will be produced, Defendant Jordan has no relevant documents in her personal possession and no longer has access to any related files. Defendant Jordan intends to rely on documents and evidence in this possession, custody, and control of other Defendants, the Plaintiff, the applicable prosecuting attorneys, and/or of the Georgia Department of Corrections.

This 30th day of June, 2022.

                                          STITES & HARBISON PLLC

                                          */s/ Derrick L. Bingham*
                                          Derrick L. Bingham
                                          Georgia Bar No. 141217
                                          Julie R. Comer
                                          Georgia Bar No. 380547
                                          *Counsel for Defendant,*
                                          *Tomekia Jordan*

303 Peachtree Street, N. E., Suite 2800
Atlanta, Georgia 30308
T: (404) 739-8800
E:    dbingham@stites.com
       jcomer@stites.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **INITIAL DISCLOSURES OF DEFENDANT TOMEKIA JORDAN** on all parties by depositing a copy of same in the United States Mail, with sufficient postage attached thereto to ensure delivery and properly addressed as follows:

This 30th day of June, 2022.

        STITES & HARBISON PLLC

        */s/ Derrick L. Bingham*
        Derrick L. Bingham
        Georgia Bar No. 141217
        Julie R. Comer
        Georgia Bar No. 380547
        *Counsel for Defendant,*
        *Tomekia Jordan*

303 Peachtree Street, N. E., Suite 2800
Atlanta, Georgia 30308
T: (404) 739-8800
E:   dbingham@stites.com
      jcomer@stites.com