IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LILY ENGLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:22-cv-00903-MLB |
| WILLIAM CLAYTON NIX, JOHN RICHEY, TOMEKIA JORDAN, MIKE RILEY, and JONATHAN ADAMS | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT MIKE RILEY'S RULE 26(a)(1) INITIAL DISCLOSURES

Defendant Mike Riley ("Riley") makes the following Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and Local Rule 26.1.

These disclosures are based on the information currently available to Riley. However, the allegations asserted in Plaintiff's Complaint are still being investigated, and the parties have not yet conducted discovery.

Accordingly, Riley reserves the right to amend, supplement or change these disclosures in the event that additional information becomes available.

1. **If the defendant is improperly identified, state the defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in the disclosure response.**

   Riley is properly identified.

2. **Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a misjoinder of parties, provide the reasons for defendant's contention.**

   At this time, Riley is unaware of any necessary parties who have not been named by Plaintiff.

3. **Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

   Discovery is in its initial stages and Riley is continuing to investigate the claims and defenses. Riley reserves the right to supplement this disclosure in accordance with Fed. R. Civ. P. 26. Riley offers the following details as a factual basis for his defenses: Plaintiff alleges that Riley was in a position to stop Nathan Adkerson from obtaining a warrant to arrest the plaintiff, and that

he was in position to intervene and should have intervened to prevent the obtaining of the warrant and to prevent other alleged constitutional violations, including her arrest and subsequent prosecution. Plaintiff further alleges that Riley was directly involved in videotaping the September 6, 2019 meeting between Plaintiff and Ricky Dubose, and that this constitutes an illegal search. The meeting was **not** audiotaped. Riley denies the Plaintiff's allegations. Further, Riley denies that Plaintiff's constitutional rights were violated, by him or by any other defendant. To the extent that any such rights were violated, Riley did not violate them. In addition, Riley was performing job-related functions when any alleged violations occurred, and Plaintiff's constitutional rights at issue were not clearly established at the time the alleged violations occurred.

4. **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action:**

42 U.S.C. § 1983
Harlow v. Fitzgerald, 457 U.S. 800 (1982)
Anderson v. Creighton, 483 U.S. 635 (1987)
Mitchell v. Parker, 271 F. Supp. 3d 1364 (2017)

5. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

   See Attachment A attached hereto. Riley reserves the right to

   supplement this disclosure as appropriate.

6. **Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

   See Attachment B attached hereto. Riley reserves the right to

   supplement this disclosure as appropriate.

7. **Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See Attachment C attached hereto. Riley reserves the right to supplement this disclosure as appropriate.

8. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Riley is not seeking damages at this time, but he reserves the right to do so.

9. **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.**

Riley does not so contend.

10. **Attach for inspection and copying under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Coverage is provided to Riley by the Georgia Department of Administrative Services, pursuant to a State Tort Claims Policy. Additional information will be provided upon request.

This 30th day of June, 2022

| | |
|---|---|
| **MCRAE BERTSCHI & COLE LLC** <br> 1872 Independence Square, Suite D <br> Dunwoody, Georgia 30338 | */s/ Charles J. Cole* <br> Charles J. Cole <br> Georgia Bar No. 176704 <br> cjc@mcraebertschi.com <br> 678.999.1105 <br><br> *Counsel for Defendant Mike Riley* |

## ATTACHMENT A

1. Lily Engleman, Plaintiff.
   Plaintiff is likely to have knowledge of the allegations contained in her Complaint.

2. Jonathan Adams
   Butts County District Attorney
   625 W.Third Street
   Jackson, Georgia 30233

   Mr. Adams is likely to have knowledge of his discussions with Nathan Adkerson about the video of the September 6, 2019 meeting between Ms. Engleman and Ricky Dubose, and the determination to charge Ms. Engleman.

3. Nathan Adkerson
   Georgia Department of Corrections
   P.O. Box 1529
   Forsyth, Georgia 31029

   Mr. Adkerson is likely to have knowledge of his discussions with Jonathan Adams about the video of the September 6, 2019 meeting between Ms. Engleman and Ricky Dubose, and the determination to charge Ms. Engleman.

4. Elizabeth Calloway
   Georgia Department of Corrections
   P.O. Box 1529
   Forsyth, Georgia 31029

   Ms. Calloway was an administrative assistant at the Special Management Unit. She is likely to have knowledge of notes

recovered by Warden Jose Morales regarding the possible introduction of contraband into the facility.

5. Jose Morales
   Georgia Department of Corrections
   P.O. Box 1529
   Forsyth, Georgia 31029

   Mr. Morales was the prison warden. He is likely to have knowledge of the contraband found in Mr. Dubose's cell, and notes recovered from his cell regarding contraband.

6. Maryjane Moss
   Georgia Department of Corrections
   P.O. Box 1529
   Forsyth, Georgia 31029

   Ms. Moss is likely to have knowledge regarding the investigation.

7. William Clayton Nix
   Georgia Department of Corrections
   P.O. Box 1529
   Forsyth, Georgia 31029

   Mr. Nix was the Director of the Office of Professional Standards, and he is likely to have knowledge of this lawsuit.

8. Tomekia Jordan
   Georgia Department of Corrections
   P.O. Box 1529
   Forsyth, Georgia 31029

   Ms. Jordan was the Special Agent in Charge ("SPC"), and she is likely to have knowledge of this lawsuit.

9. Mike Riley
   Georgia Department of Corrections

P.O. Box 1529
Forsyth, Georgia 31029

Mr. Riley was the Acting Assistant SPC, and he has knowledge of this lawsuit.

10. John Richey
    Georgia Department of Corrections
    P.O. Box 1529
    Forsyth, Georgia 31029

    Mr. Richey was the Assistant Director of the Office of Professional Standards, and he is likely to have knowledge of this lawsuit.

## ATTACHMENT B

Mr. Riley has not identified any individual whom he will call as a witness at trial pursuant to Rules 702, 703 and 705 of the Federal Rules of Evidence. He reserves the right to supplement this disclosure as appropriate.

## ATTACHMENT C

Mr. Riley is not in possession of any relevant documents, and he intends to rely on documents in the custody and control of other defendants, or of other entities.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LILY ENGLEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM CLAYTON NIX, )<br>JOHN RICHEY, TOMEKIA )<br>JORDAN, MIKE RILEY, and )<br>JONATHAN ADAMS )<br>)<br>)<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:22-cv-00903-MLB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I filed the foregoing document in the captioned case using the Court's ECF electronic filing system, which will generate a Notice of Electronic Filing and which constitutes sufficient service under Local Rule 5.1A(3).

This 30th day of June, 2022.

*/s/ Charles J. Cole*
Charles J. Cole

- 12 -