## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| **LILY ENGLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO.: 1:22-cv-00903-MLB** |
| | ) | |
| **WILLIAM CLAYTON NIX, JOHN** | ) | |
| **RICHEY, TOMEKIA JORDAN, MIKE** | ) | |
| **RILEY, and JONATHAN ADAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT JONATHAN ADAMS' INITIAL DISCLOSURES

COMES NOW, Jonathan Adams (hereinafter "Defendant Adams"), named as a Defendant in the above-styled matter, and pursuant to Rule 26, Federal Rules of Civil Procedure, files his Initial Disclosures, respectfully showing the following:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Defendant Adams does not dispute that he is correctly identified.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

1

**Defendant Adams does not contend that any additional parties should be added to this action at this time and specifically contends that he is not liable for any allegation in Plaintiff's Complaint. Defendant Adams reserves the right to supplement this disclosure.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**On September 6, 2019, as part of her employment with the Georgia Capitol Defender Office, Plaintiff was visiting inmate Ricky Dubose at a Georgia prison facility. During that visit, Plaintiff was – as shown in video footage-- leaning under the table multiple times in the span of approximately one minute as if she had thrown or handed to the inmate something under the table. At the same time, it appeared from the footage Dubose put an item in his sock that looked white. Dubose's jail cell was searched on September 11, 2019, uncovering a bible, multiple social security numbers written down, credit card numbers, 3 device batteries, a trace amount of meth and what appeared to be gang paraphernalia.**

**On September 13, 2019, as part of an investigation into Dubose, letters from Dubose were reviewed and indicated that Dubose was receiving items from outside of the jail. In one letter it mentioned, "I got a pack of Newport's from "L". The staff did find a pack of Newport's in a holding cell next to the interview room on September 16, 2019. On September 13, 2019, Dubose was also interviewed by a Department of Corrections Investigator. He stated that members of his defense had brought him contraband into the faculty but would not name anyone. In the report, there was a mention of Jabari Roundtree who was a known friend of Dubose. When Roundtree was questioned, he also stated that Dubose's legal team brings in contraband.**

**On October 30, 2019, a follow up interview was held, and Dubose again stated that members of his defense team had brought him "stuff." On November 6, 2019, Plaintiff visited Dubose. Plaintiff had notified the prison that she was coming on Georgia Public Defender letterhead on October 28, 2019. When Plaintiff arrived in the prison lobby, she was arrested for the September 6 incident. The arrest warrant had been issued by the Butts County Magistrate Court on November 4, 2019. Due to the pandemic,**

2

Plaintiff's charges were not presented to a grand jury until October 2020.  On October 14, 2020, Plaintiff was indicted with having committed the offense of "Furnishing Items to Inmates without Authorization of Warden."

Defendant Adams was not involved in the arrest of Plaintiff.  Plaintiff's charges and video were presented to a grand jury which resulted in an indictment.  As such, Defendant Adams is not liable for Plaintiff's alleged damages arising from her arrest and prosecution.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

42 U.S.C. §§ 1981, 1983, & 1988
Allen v. Tyson Foods, Inc., 121 F.3d 642 (11th Cir. 1997)
Anderson v. City of Atlanta, 778 F.2d 678 (11th Cir. 1985)
Ansley v. Heinrich, 925 F.2d 1339 (11th Cir. 1991)
Ashcroft v. al-Kidd, 563 U.S. 731 (2011)
Bailey v. U.S., 568 U.S. 186 (2013)
Baker v. McCollan, 443 U.S. 137 (1979)
Behrens v. Pelletier, 516 U.S. 299 (1996)
Bodine v. Warwick, 72 F.3d 393 (3rd Cir. 1995)
Brown v. City of Huntsville, Ala., 608 F.3d 724 (2010)
Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306 (11th Cir. 2009)
Celotex Corp. v. Catrett, 477 U.S. 317 (1986)
Cordoba v. Dillard's, Inc., 419 F.3d 1169 (11th Cir. 2005)
Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003)
County of Los Angeles, Calif. v. Mendez, 137 S.Ct. 1539 (2017)
Croom v. Balkwill, 645 F.3d 1240 (11th Cir. 2011)
Crosby v. Monroe County, 394 F.3d 1328 (11th Cir. 2004)
Dahl v. Holley, 312 F.3d 1228 (11th Cir. 2002)
Daniel v. Taylor, 808 F.2d 1401 (11th Cir. 1986)
Dixon v. Burke County, 303 F.3d 1271 (11th Cir. 2002)
Franks v. Delaware, 438 U.S. 154 (1978)
Gates v. Khokhar, 2018 WL 1277395 (11th Cir. 2018)
Hammett v. Paulding County, 875 F.3d 1036 (11th Cir. 2017)
Harris v. Board of Educ. of the City of Atlanta, 105 F.3d 591 (11th Cir. 1997)

**Herring v. U.S.**, 555 U.S. 135 (2009)

**Illinois v. Gates**, 462 U.S. 213 (1983)

**Jackson v. Humphrey**, 776 F.3d 1232 (11th Cir. 2015)

**Jones v. UPS Ground Freight**, 683 F.3d 1283 (11th Cir. 2012)

**Keating v. City of Miami**, 598 F.3d 753 (11th Cir. 2010)

**Keith v. DeKalb County, Georgia**, 749 F.3d 1034 (11th Cir. 2014)

**Kentucky v. Graham**, 473 U.S. 159 (1985)

**Kentucky v. King**, 563 U.S. 452 (2011)

**Kingsland v. City of Miami**, 382 F.3d 1220 (11th Cir. 2004)

**Lincoln v. Turner**, 874 F.3d 833 (5th Cir. 2017)

**Lowe v. Aldridge**, 958 F.2d 1565 (11th Cir. 1992)

**McCullough v. Antolini**, 559 F.3d 1201 (11th Cir. 2009)

**Mann v. Taser Intern., Inc.**, 588 F.3d 1291 (11th Cir. 2009)

**Messerschmidt v. Millender**, 565 U.S. 535 (2012)

**Michigan v. Summers**, 452 U.S. 692 (1981)

**Mitchell v. Forsyth**, 472 U.S. 511 (1985)

**Muehler v. Mena**, 544 U.S. 93 (2005)

**O'Ferrell v. U.S.**, 253 F.3d 1257 (11th Cir. 2001)

**Paroline v. U.S.**, 134 S.Ct. 1710 (2014)

**Penley v. Eslinger**, 605 F.3d 843 (11th Cir. 2010)

**Pickens v. Hollowell**, 59 F.3d 1203 (11th Cir. 1995)

**Roddy v. City of Huntsville, Ala.**, 580 Fed.Appx. 844 (11th Cir. 2014)

**Sampson v. City of Brunswick**, 549 Fed.Appx. 858 (11th Cir. 2013)

**Scott v. Harris**, 550 U.S. 372 (2007)

**Smith v. City of Oak Hill, Fla.**, 587 Fed.Appx. 524 (11th Cir. 2014)

**Stanley v. City of Dalton**, 219 F.3d 1280 (11th Cir. 2000)

**Troupe v. Sarasota County, Fla.**, 419 F.3d 1160 (11th Cir. 2005)

**U.S. v. Acosta**, 807 F.Supp.1154 (N.D. Ga. 2011)

**U.S. v. Arrington**, 618 F.2d 1119 (5th Cir. 1980)

**U.S. v. Bradley**, 644 F.3d 1213 (11th Cir. 2011)

**U.S. v. Brennan**, 538 F.2d 711 (5th Cir. 1976)

**U.S. v. Butler**, 102 F.3d 1191 (11th Cir. 1997)

**U.S. v. Flowers**, 531 Fed. Appx. 975 (11th Cir. 2015)

**U.S. v. Foree**, 43 F.3d 1572 (11th Cir. 1995)

**U.S. v. Gater**, 868 F.3d 657 (8th Cir. 2017)

**U.S. v. Grice**, 335 Fed. Appx. 924 (11th Cir. 2009)

**U.S. v. Harris**, 403 U.S. 573 (1971)

**U.S. v. Harris, 172 Fed. Appx. 950 (11th Cir. 2006)**
**U.S. v. Hodges, 2013 WL 5720143 (S.D. Ga. 2013)**
**U.S. v. Jenkins, 901 F.2d 1075 (11th Cir. 1990)**
**U.S. v. Jiminez, 224 F.3d 1243 (11th Cir. 2000)**
**U.S. v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009)**
**U.S. v. Leon, 468 U.S. 897 (1984)**
**U.S. v. Martinelli, 454 F.3d 1300 (11th Cir. 2006)**
**U.S. v. Tobin, 923 F.2d 1506 (11th Cir. 1991)**
**Waddell v. Hendry County Sheriff's Office, 329 Fed. 3d 1300 (11th Cir. 2003)**
**Walker v. City of Orem, 451 F.3d 1139 (10th Cir. 2006)**
**Wise v. State, 570 S.E.2d 656 (Ga. Ct. App. 2002)**
**Zurcher v. Stanford Daily, 436 U.S. 547 (1978)**

**Defendant Adams reserves the right to supplement this disclosure and to rely upon all relevant and emerging case precedent.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**At the time of filing these Initial Disclosures, Defendant Adams has not identified an expert witness to testify at trial. Defendant Adams reserves the right to amend their response to this disclosure should such expert be identified.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or

defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**At this time, Defendant Adams does not claim any damages other than legal fees and expenses incurred in defense of this action.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Defendant Adams makes no such contention at this time; however, discovery has not yet begun and, as such, Defendant Adams reserves the right to supplement this disclosure.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**Defendant Adams reserves the right to supplement this disclosure.**

This 30th day of June, 2022.
**{Signature on following page.}**

6

Respectfully submitted[1],

**BUCKLEY CHRISTOPHER, P.C.**


/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
ERIC J. O'BRIEN
Georgia State Bar No. 383745
Attorneys for Defendant Adams

2970 Clairmont Road N.E., Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
eobrien@bchlawpc.com

---

[1] Counsel for Defendants hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1(C).

## ATTACHMENT A

**Ms. Lily Engleman, Plaintiff:** has knowledge of her interactions with Defendants and has knowledge of the facts and circumstances surrounding the alleged events.  Plaintiff may be contacted through her counsel.

**Jonathan Adams, Defendant:**  has knowledge of the facts and circumstances surrounding the alleged events.  Mr. Adams may be contacted through undersigned counsel.

**William Clayton Nix, Defendant:**  has knowledge of the facts and circumstances surrounding the alleged events.  Mr. Nix may be contacted through his counsel.

**John Richey, Defendant:**  has knowledge of the facts and circumstances surrounding the alleged events.  Mr. Richey may be contacted through his counsel.

**Tomekia Jordan, Defendant:**  has knowledge of the facts and circumstances surrounding the alleged events.  Ms. Jordan may be contacted through his counsel.

**Mike Riley, Defendant:**  has knowledge of the facts and circumstances surrounding the alleged events.  Mr. Riley may be contacted through his counsel.

**Nathan Adkerson, Georgia Department of Corrections:**  may have knowledge of the facts and circumstances surrounding the alleged events.  Mr. Adkerson may be contacted through his counsel.

**Maryjane Moss, Georgia Department of Corrections:**  may have knowledge of the facts and circumstances surrounding the alleged events.  Ms. Moss may be contacted through his counsel.

**Jose Morales, Georgia Department of Corrections:**  may have knowledge of the facts and circumstances surrounding the alleged events.  Mr. Morales may

be contacted through his counsel.

Mark Daniel, Prosecuting Attorneys' Council of Georgia: may have knowledge of the facts and circumstances surrounding the alleged events.  Mr. Daniel may be contacted through his counsel.

Cindy Adams, Prosecuting Attorneys' Council of Georgia: may have knowledge of the facts and circumstances surrounding the alleged events.  Ms. Adams may be contacted through his counsel.

Michelle Williams, Prosecuting Attorneys' Council of Georgia: may have knowledge of the facts and circumstances surrounding the alleged events.  Ms. Williams may be contacted through his counsel.

Unidentified Georgia Department of Corrections employees who may have knowledge of the facts and circumstances surrounding the alleged events. These individuals may be contacted through counsel.

Unidentified Butts County Sheriff's Office employees who may have knowledge of the facts and circumstances surrounding the alleged events. These individuals may be contacted through counsel.

Unidentified Prosecuting Attorneys' Council of Georgia employees who may have knowledge of the facts and circumstances surrounding the alleged events.  These individuals may be contacted through counsel.

All persons/entities identified in the Initial Disclosures of Plaintiff, William Clayton Nix, John Richey, Tomekia Jordan, and Mike Riley.

As discovery is ongoing, Defendant Adams reserves the right to supplement this disclosure and/or to identify additional witnesses through pleadings, briefs and discovery responses, depositions, etc.

# **ATTACHMENT C**

**Audio Interviews with Javaris Roundtree;**

**Audio Interview with Ricky Dubose;**

**September 6, 2019 Prison Surveillance Footage;**

**September 12, 2019 Prison Surveillance Footage;**

**September 24, 2019 Prison Surveillance Footage; and,**

**November 6, 2019 Prison Surveillance Footage.**

**Defendant Adams reserves the right to supplement this disclosure.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed DEFENDANT ADAMS' INITIAL DISCLOSURES using the PACER system which will automatically send email notification of such filing to the following attorneys of record:

Mark Begnaud
Eshman Begnaud, LLC
315 W Ponce De Leon Ave
Suite 775
Decatur, GA 30030
*Attorney for Plaintiff*

Charles J. Cole
McRae Bertschi & Cole LLC
1872 Independence Square, Suite D
Dunwoody, Georgia 30338
*Attorney for Defendant Mike Riley*

Charles E. Cox, Jr.
Charles E Cox, Jr., LLC
P.O. Box 67
Macon, Georgia 31202
*Attorney for Defendant John Richey and Defendant Nix*

Derrick L. Bingham
Julie R. Comer
303 Peachtree Street, N.E., Suite 2800
Atlanta, Georgia 30308
*Attorney for Defendant Tomekia Jordan*

This 30th day of June, 2022.

**BUCKLEY CHRISTOPHER, P.C.**


/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
ERIC J. O'BRIEN
Georgia State Bar No. 383745
Attorneys for Defendant Adams

2970 Clairmont Road N.E., Suite 650
Atlanta, Georgia  30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com
eobrien@bchlawpc.com