# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| LILY ENGLEMAN,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM CLAYTON NIX, JOHN RICHEY, TOMEKIA JORDAN, MIKE RILEY, and JONATHAN ADAMS,<br><br>Defendants. | Case No.:   1:22-cv-00903-MLB |

## INITIAL DISCLOSURES OF DEFENDANTS JOHN RICHEY AND WILLIAM CLAYTON NIX

Defendants John Richey and William Clayton Nix, makes the following Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and Local Rule 26.1.

These disclosures are based on the information currently available to Defendants Nix and Richey.  However, the allegations asserted in Plaintiff's Complaint are still being investigated, and the parties have not yet conducted discovery.  Defendants Nix and Richey reserve the right to amend, supplement or change their disclosures in the event additional information becomes available.

1. **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

1

Defendants Nix and Richey are properly identified.

2. **Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

    Defendants Nix and Richey are not aware of any necessary parties who have not been named by Plaintiff.

3. **Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

    On September 6, 2019, Plaintiff was visiting inmate Ricky Dubose at a Georgia prison facility. During that visit with Dubose, video footage showed Plaintiff leaning under the table multiple times consistent with her having thrown or handed to the inmate something under the table. At the same time, it appeared from the footage Dubose put an item in his sock that looked white. Dubose's jail cell was searched on September 11, 2019, uncovering a bible, multiple social security numbers written down, credit card numbers, 3 device batteries, a trace amount of meth and what appeared to be gang paraphernalia.

    On September 13, 2019, as part of an investigation into Dubose, letters from Dubose were reviewed and indicated that Dubose was receiving items from outside of the jail. In one letter it mentioned, "I got a pack of Newport's from "L". The staff did find a pack of Newport's in a holding cell next to the interview room on September 16, 2019. On September 13, 2019, Dubose was also interviewed by a Department of Corrections Investigator. He stated that members of his defense had brought him contraband into the faculty, but he would not name anyone. In the report, there was a mention of Jabari Roundtree who was a known friend of Dubose. When Roundtree was questioned, he also stated that Dubose's legal team brings in contraband.

    On October 30, 2019, a follow up interview was held, and Dubose again stated that members of his defense team had brought him "stuff." On November 6, 2019, Plaintiff visited Dubose. Plaintiff had notified the prison that she was coming on Georgia Public Defender letterhead on

October 28, 2019. When Plaintiff arrived in the prison lobby, she was arrested for the September 6 incident. The arrest warrant had been issued by the Butts County Magistrate Court on November 4, 2019.

Defendants Nix and Richey did not advise S/A Adkerson to seek a warrant for the arrest of Plaintiff. Defendants Nix and Richey were not involved in the arrest of Plaintiff, and they were not involved in generating media coverage of Plaintiff's arrest.

4. **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Defendants Nix and Richey intend to rely on the doctrine of qualified immunity and all of case law related thereto. In addition, they will rely on the Fourth Amendment jurisprudence of this Circuit, which will show that they did not violate Plaintiff's constitutional rights in any way. The authorities Defendants will rely on include, but are not limited to:
42 U.S.C. § 1983
Harlow v. Fitzgerald, 457 U.S. 800 (1982)
Anderson v. Creighton, 483 U.S. 635 (1987)
Mitchell v. Parker, 271 F. Supp. 3d 1364 (2017)

5. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

6. **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

At the time of filing these Initial Disclosures, Defendants have not identified an expert witness to testify at trial. Defendants reserve the right

to amend their response to this disclosure should such expert be identified.

7. **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

    See Attachment C.

8. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

    At this time, Defendants do not claim any damages other than legal fees and expenses incurred in defense of this action.

9. **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

    Defendants make no such contention at this time.

10. **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

Coverage is provided to Defendants by the Georgia Department of Administrative Services, pursuant to a State Tort Claims Policy. Additional information will be provided upon request.

This June 30, 2022.

        **/s Charles E. Cox, Jr.**
        **Charles E. Cox, Jr., LLC**
        Ga. Bar No. 192305
        Post Office Box 67
        Macon, Georgia 31202-0067
        Telephone:  (478) 757-2990
        Facsimile:  (478) 757-2991
        E-mail:  Charles@cecoxjr.com
        **Attorney for Defendants Nix and Richey**

# ATTACHMENT A

Ms. Lily Engleman, Plaintiff: has knowledge of her interactions with Defendants and has knowledge of the facts and circumstances surrounding the alleged events. Plaintiff may be contacted through her counsel.

Jonathan Adams, Defendant: has knowledge of some of the facts and circumstances surrounding the alleged events. Mr. Adams may be contacted through undersigned counsel.

William Clayton Nix, Defendant: has knowledge of some of the facts and circumstances surrounding the alleged events. Mr. Nix may be contacted through his counsel.

John Richey, Defendant: has knowledge of some of the facts and circumstances surrounding the alleged events. Mr. Richey may be contacted through his counsel.

Tomekia Jordan, Defendant: has knowledge of some of the facts and circumstances surrounding the alleged events. Ms. Jordan may be contacted through her counsel.

Mike Riley, Defendant: has knowledge of some of the facts and circumstances surrounding the alleged events. Mr. Riley may be contacted through his counsel.

Nathan Adkerson, Georgia Department of Corrections: has knowledge of some of the facts and circumstances surrounding the alleged events. Mr. Adkerson may be contacted through his counsel.

Maryjane Moss, Georgia Department of Corrections: may have knowledge of some of the facts and circumstances surrounding the alleged events. Ms. Moss may be contacted through her counsel.

Jose Morales, Georgia Department of Corrections: may have knowledge of the facts and circumstances surrounding the alleged events. Mr. Morales may be contacted through his counsel.

Mark Daniel, Prosecuting Attorneys' Council of Georgia: may have knowledge of some of the facts and circumstances surrounding the alleged events. Mr. Daniel may be contacted through his counsel.

Cindy Adams, Prosecuting Attorneys' Council of Georgia: may have knowledge of some of the facts and circumstances surrounding the alleged events. Ms. Adams may be contacted through her counsel.

All persons/entities identified in the Initial Disclosures of Plaintiff, Tomekia Jordan, Jonathan Adams, and Mike Riley.

As discovery is ongoing, Defendants reserve the right to supplement this disclosure and/or to identify additional witnesses through pleadings, briefs and discovery responses, depositions, etc.

# **ATTACHMENT C**

Audio Interviews with Javaris Roundtree;

Audio Interview with Ricky Dubose;

September 6, 2019 Prison Surveillance Footage;

September 12, 2019 Prison Surveillance Footage;

September 24, 2019 Prison Surveillance Footage; and,

November 6, 2019 Prison Surveillance Footage.

Defendants reserves the right to supplement this disclosure.

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1B

I, Charles E. Cox, Jr., hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, who will send notification and a copy of such to all counsel of record.

I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following nonCM/ECF participants: N/A

I further certify pursuant that this pleading complies with L.R. 5.1(C) and was prepared using a 14 point Times New Roman font.

This June 30, 2022.

**/s Charles E. Cox, Jr.**
**Charles E. Cox, Jr., LLC**
Ga. Bar No. 192305
Post Office Box 67
Macon, Georgia 31202-0067
Telephone: (478) 757-2990
Facsimile: (478) 757-2991
E-mail: Charles@cecoxjr.com
**Attorney for Defendants Nix and Richey**